UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JESUS SANDOVAL SEQUERA,

Petitioner,

-v-

KENNETH GENALO, *Acting Field Office Director of New York, Immigration and Customs Enforcement*; MARKWAYNE MULLIN, *Secretary of Homeland Security*; TODD BLANCHE, *Acting Attorney General of the United States*,

Respondents.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS
26-CV-7259 (NRM)

NINA R. MORRISON, United States District Judge:

Petitioner Jesus Sandoval Sequera is a national of Venezuela who entered the United States in October of 2023. On October 30, 2025, Petitioner was detained by Immigration and Customs Enforcement ("ICE") after appearing before an immigration judge in Manhattan. That same day, Petitioner filed a habeas petition in the Southern District of New York. On November 17, 2025, Judge Alvin K. Hellerstein granted Petitioner's habeas petition and ordered his immediate release.

Nearly one year later, on November 2, 2026, ICE re-detained Petitioner while he attended a check-in at 26 Federal Plaza. He was transferred to the Metropolitan Detention Center ("MDC") in Brooklyn, New York, where he is presently detained.

On November 10, 2026, Petitioner filed a Petition for a Writ of Habeas Corpus (the "Petition") in this Court, ECF No. 1, alleging that his detention violates his constitutional and statutory rights, and seeking entry of an order directing his

immediate release from detention.

The case was assigned to the undersigned the same day, at which time the Court issued an Order, ECF No. 5, directing Respondents to file, by 5:00 PM on November 12, 2026, a submission (1) providing certain information about Petitioner and his circumstances, (2) indicating the statutory provision under which they assert the authority to detain Petitioner, and (3) addressing whether there is any basis to distinguish the asserted grounds for detention from the Court's decision in *H.A.C.F. v. Francis*, No. 26-CV-872 (NRM), 2026 WL 482607 (E.D.N.Y. Feb. 20, 2026), *amended on reconsideration in part*, 2026 WL 861152 (E.D.N.Y. Mar. 30, 2026), in *Diallo v. Lyons*, 837 F. Supp. 3d 422 (E.D.N.Y. 2026) and in *Zhang v. Genalo*, 814 F. Supp. 3d 307 (E.D.N.Y. 2025). The Court further directed that, if Respondents asserted no basis to distinguish the asserted grounds for detention in this case from this Court's decision in *H.A.C.F.*, *Diallo*, or *Zhang*, the submission could take the form of a letter so stating, and indicating whether Respondents oppose issuance of the writ, subject to preservation of Respondents' arguments for appeal. Respondents moved for an extension of time to file, with the consent of Petitioner's counsel. ECF No. 7. The Court granted the motion and directed Respondents to file their response to the Order to Show Cause by November 16, 2026, at 5:00 PM.

Respondents filed their submission on November 16, 2026. ECF No. 8. Notably, Respondents did not comply with that portion of the Court's Order to Show Cause that directed them to inform the Court of the "statutory basis under which they assert the authority to detain Petitioner." *See id.*; Order, ECF No. 5, at 2. Nor

did Respondents actually take the position, in their response, that Petitioner's current detention is lawful, much less explain why that is the case. Instead, Respondents merely summarized the claims brought in the Petition and proceeded to acknowledge that Respondents "cannot show that an individualized custody determination was conducted for Petitioner prior to his detention." ECF No. 8. Respondents thus conceded that Petitioner's case is not distinguishable from this Court's earlier decision in *H.A.C.F.*, and that if this Court adheres to its earlier reasoning in that case, the same outcome follows. ECF No. 6. Respondents noted their continued respectful disagreement with *H.A.C.F.,* that some courts in this district have taken a contrary approach, and reserved their right to appeal.

Accordingly, upon review of the Petition and Respondents' letter submission, as it did in *H.A.C.F.* and *Hyppolite*, the Court finds that Petitioner has established that his detention violates his Fifth Amendment right to procedural due process because Petitioner has resided in the United States since October 2023 and is therefore entitled to an individualized, pre-deprivation custody determination under the Immigration and Nationality Act, 8 U.S.C. § 1226(a). *See H.A.C.F.*, 2026 WL 861152, at *2–3; *Hyppolite*, 808 F. Supp. 3d 474, 490–95 (E.D.N.Y. 2025); *see also, e.g.*, *Artiga v. Genalo*, No. 25-CV-5208 (OEM), 2025 WL 2829434, at *8 (E.D.N.Y. Oct. 5, 2025); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 498–99 (S.D.N.Y. 2025); *Rodriguez-Acurio v. Almodovar*, 811 F. Supp. 3d 274, 283, 312–19 (E.D.N.Y. 2025); *Yao v. Almodovar*, 813 F. Supp. 3d 461, 475–477 (S.D.N.Y. 2025). Similarly, the Court finds that the mandatory detention provisions of 8 U.S.C. §§ 1225(a)(1) and

(b)(2) are inapplicable here because Petitioner has been living continuously in the United States and is not "seeking admission" under § 1225(b)(2). *See Barbosa de Cunha v. Freden*, 175 F.4th 61, 74 (2d Cir. 2026) ("Section 1225(b)(2) therefore applies only to (1) noncitizens who are present and have not been admitted, and (2) are requesting (3) lawful entry into the United States after inspection and authorization."). The Court hereby incorporates by reference its earlier analysis of these issues in *H.A.C.F.*, 2026 WL 861152, at *2–3, and *Hyppolite*, 808 F. Supp. 3d at 486–95.

The Court has also weighed the factors under *Mathews v. Eldridge*, 424 U.S. 319 (1976), which sets forth the test that courts in the Second Circuit apply when determining "the adequacy of process in the context of civil immigration confinement." *Munoz Materano v. Artera*, 804 F. Supp. 3d 395, 416 (S.D.N.Y. 2025) (citation modified). Here, Petitioner avers that he was detained after a check-in at 26 Federal Plaza due to a Desk Appearance Ticket he received in February of 2026. ECF No. 1, at 5. Petitioner asserts that when he tried to address the circumstances surrounding the charges, ICE refused to consider his explanation before detaining him and ultimately transporting him to the MDC. *Id.* Respondents do not dispute this factual assertion. ECF No. 8, at 1. Having considered (1) the private interest that will be affected by the official action; (2) the risk of erroneous deprivation of that interest through the procedures used; and (3) the government's interest, including the fiscal and administrative burdens that the additional or substitute procedures would entail, *see Mathews*, 424 U.S. at 335, the Court finds that the balance of

interests weighs heavily in Petitioner's favor, and that granting the writ is an appropriate remedy for the deprivation of his right to procedural due process.

It is hereby:

**ORDERED**, that the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 is **GRANTED**. It is further **ORDERED** that Respondents must release Petitioner from custody **no later than 11:00 AM on Tuesday, November 17, 2026.**

In light of the fact that Petitioner is presently being held at MDC in Brooklyn, New York, it is further **ORDERED** that **counsel for Respondents shall keep Petitioner's counsel informed regarding the timing, location, and manner of Petitioner's release from custody**, so that counsel may be present or arrange to have a family member or other representative present at the time of Petitioner's release.

Respondents, through counsel, **shall file a letter on the docket no later than 2:00 P.M. on the same date (Tuesday, November 17, 2026)**, confirming that Petitioner has been released from custody.

**IT IS FURTHER ORDERED** that Respondents are **ENJOINED** from re-detaining Petitioner, absent prior authorization of this Court and without notice and an opportunity to be heard at a pre-deprivation bond hearing, at which Respondents will bear the burden of showing that detention is authorized under 8 U.S.C. § 1226(a).

Petitioner's counsel may submit an application for attorney's fees and costs under the Equal Access to Justice Act within the time provided by the Local Rules.

**SO ORDERED.**

*/s/ Nina R. Morrison*
NINA R. MORRISON
United States District Judge

Dated: November 16, 2026
Brooklyn, New York